UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:07-cr-288-1 |
| Plaintiff-Respondent, | |
| v. | HONORABLE PAUL MALONEY |
| DAVID BRYANT MCCORKLE, | |
| Defendant-Petitioner. | |

## Opinion and Order
**Denying Defendant-Petitioner McCorkle's Motion for a Certificate of Appealability**

The defendants in this child-molestation and child-pornography case, David Bryant McCorkle and Timothy John Mierop, moved to suppress physical evidence which they contended was the product of unlawful seizure and search. The court denied the motions to suppress. In September 2008, this court sentenced McCorkle to consecutive terms of imprisonment of 240 months on each of two counts of sexual exploitation of a child (18 U.S.C. § 2251(a) and (e)), for a total of 480 months (forty years) in prison, *see* Docs 98 and 102-103.

McCorkle timely filed a notice of appeal, the government moved to dismiss McCorkle's appeal as expressly waived by his written plea agreeement, and in April 2009 the Sixth Circuit granted the motion. *See US v. McCorkle*, No. 1:07-crim-288-1 Doc 104, No. 08-2217 slip op. at 2-3 (6th Cir. Apr. 23, 2009) (Suhrheinrich, Batchelder, Sutton). McCorkle then filed the instant habeas petition, contending that his trial attorney rendered constitutionally ineffective assistance by failing

to preserve the right to appeal this court's denial of his motion to suppress. This court concluded that "McCorkle's section 2255 petition must be dismissed for the same reason, and under the same authority, which our Circuit panel cited." *US v. McCorkle*, 2010 WL 2131907, *7 (W.D. Mich. Mar. 30, 2010) (Maloney, C.J.). The court also declined to issue a certificate of appealability ("COA").

McCorkle's motion fails to persuade the court that reasonable jurists could disagree with the conclusion – shared by the Sixth Circuit – that his appeal was expressly barred by the terms of his plea agreement (*contra* Doc 130 at 4-6), nor with this court's finding that his involuntary-plea argument was raised for the first time in his reply brief and thus was not properly before the court (*contra* Doc 130 at 6-9).

The transcript of McCorkle's guilty-plea colloquy confirms the lack of any basis for reasonable disagreement over the voluntary, knowing and intelligent nature of McCorkle's waiver of his right to appeal his conviction or sentence. Per customary practice, Magistrate Judge Scoville began by confirming that McCorkle had read the indictment, spoken to his attorney about the indictment, and decided to plead guilty to counts two and three pursuant to a plea agreement. *See* Doc 83 at 4:4-20. The Magistrate explained and obtained McCorkle's acknowledgement of constitutional principles relevant to the entry of a knowing, intelligent and voluntary plea, including the principle that nobody in America can be forced to plead guilty to a criminal charge, that McCorkle had the right to a trial if he wished, and that he had the right to have the plea colloquy conducted by the Magistrate Judge or the undersigned District Judge as he chose. *See* Doc 83 at 4:21 to 5:2 and 7:19 to 9:4. The Magistrate reviewed the elements of the two offenses to which McCorkle agreed to plead guilty, the factual allegations underlying the charges, and the potential terms of imprisonment and other penalties which the court could impose following a guilty plea,

including fines, restitution, supervised release, and penalties for the violation the conditions of supervised release, *see id.* at 5:14 to 7:18 and 9:5 to 10:18 and 11:6 to 12:24. The Magistrate properly emphasized that if McCorkle exercised his right to a trial instead of pleading guilty, the government would have the burden of proving all the elements of the offenses beyond a reasonable doubt, *see id.* at 10:19 to 11:5.

Most pertinent, the Magistrate then had this exchange with McCorkle to confirm his understanding that if he were convicted following trial rather than pleading guilty, he would have had a right to appeal his conviction and sentence:

> THE COURT: All right. Then let's take a look at the plea agreement. Mr. McConnell [defense counsel], do you have a signed version in front of you there?
>
> MR. O'CONNELL: Yes, I do.
>
> THE COURT: If you would show your client page 7, please. Mr. McCorkle, is that your signature on page 7 of the plea agreement?
>
> THE DEFENDANT: Yes, it is, sir.
>
> THE COURT: And did you read it and understand it before signing it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did your attorney review it with you before you signed it?
> THE DEFENDANT: Yes, he did.
>
> THE COURT: I'm not going to read it back to you word for word, but I want to make sure you understand everything in here, especially the concepts that we haven't touched upon yet.
>
> Paragraph 1 tells the Court that you wish to plead guilty to Counts 2 and 3.
>
> And Paragraph 2 sets forth the elements of the offense for each of those counts, which we've talked about.
>
> Paragraph 3 talks about the penalties, and we've been over those.

Paragraph 4 pertains to forfeiture. This says that you agree to abandon any claim that you might have to the computer and related equipment that were seized from your house, I take it, on September 23rd and September 24th. And that you agree that the Government can forfeit that property and take it. And you agree that it was used or intended to be used to commit the crimes that you're pleading guilty to.

Do you understand that, first of all?

THE DEFENDANT: Yes, sir.

THE COURT: And is that what you're agreeing to?
THE DEFENDANT: Yes, sir.

THE COURT: Now Paragraph 5 addresses this idea of restitution. * * *
Do you understand that as well?
THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: * * * Now we've been through the rights that anyone automatically gives up by pleading guilty. For instance, the right to a trial, the right to confront and cross-examine the alleged victims, etcetera. But Paragraph 9 talks about a couple of rights that you would have even though you're pleading guilty, and it says that you agree to give those rights up.

First of all, even though a person in federal court pleads guilty, that person has the right to appeal the sentence to the Court of Appeals if you believe that your sentence is either illegal or unreasonable. Paragraph 9 says that you know that you would have the right to appeal the sentence or the manner in which the sentence was determined on any ground whatsoever. So that means you're completely giving up your right to appeal.

First of all, is that what you've decided to do?

THE DEFENDANT: Yes, sir.

THE COURT: And you understand this means you cannot appeal your sentence. Once Judge Maloney pronounces sentence, whatever he says, that's going to be your sentence. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Then the next sentence here addresses what's called the collateral attack. A collateral attack is a challenge to a person's conviction or sentence that is brought after an appeal is done or after the time appeal has expired. And again, even though you're [pleading] guilty, you would have the right to raise constitutional

-4-

challenges to your conviction or sentence in a collateral attack.  This says you understand that buy that you are giving up your right to bring any sort of collateral attack including a Section 2255 motion.

So do you understand that as well?

THE DEFENDANT:  Yes, sir.

THE COURT: Is that what you've decided to do?
THE DEFENDANT: Yes, sir.

Doc 83 at 18:22 to 23:5.  This exchange was straightforward and unambiguous, and nothing in the remainder of the plea colloquy contradicts it.  Nothing in the colloquy suggests any confusion by McCorkle as to the existence, scope, and binding nature of his written waiver of all appellate and collateral-attack rights.  McCorkle has presented no basis for disturbing this court's refusal to issue a COA as explained in *US v. McCorkle*, 2010 WL 2131907, *7 (W.D. Mich. Mar. 30, 2010).

**ORDER**

Defendant McCorkle's motion for a certificate of appealability **[doc. # 130] is DENIED.**

This order is not appealable.  *See Elder v. Berghuis*, 644 F. Supp.2d 888, 905 n.7 (W.D. Mich. 2009) (Maloney, C.J.) (citing, *inter alia*, *In re Sims*, 244 F.3d 509, 509 (6th Cir. 2001)).

**IT IS SO ORDERED this** 4th **day of August 2010.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge